# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RICARDO REGIS,

        Plaintiff,

v.                         **MEMORANDUM OF LAW & ORDER**
                          Civil File No. 12-1673 (MJD/JJK)

ROSELENE DEVI; STATE OF
MINNESOTA, RAMSEY DISTRICT
COURT, SECOND JUDICIAL
DISTRICT; and U.S. BANKRUPTCY
COURT, DISTRICT OF MINNESOTA,

        Defendants.

Ricardo Regis, pro se.

Lonnie F. Bryan, Assistant United States Attorney, Counsel for Defendant U.S. Bankruptcy Court, District of Minnesota.

      This matter is before the Court on Defendant U.S. Bankruptcy Court's Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Docket No. 9] Plaintiff Ricardo Regis has not filed an opposition to the motion. For the reasons that follow, oral argument on this motion in CANCELLED and the motion to dismiss is GRANTED.

Plaintiff Ricardo Regis has filed a lawsuit against, among other Defendants, "U.S. Bankruptcy Court District of Minnesota." Regis alleges that the Bankruptcy Court "refuse[d] to use my evidence to the judgment and refuse[d] to hear my witness. The Bankruptcy Judge sa[id] Defendant Ricardo Regis intentionally deprived plaintiff [of] personal property. This is a[n] intentional[] wrong doing, fraud, def[a]mation of c[h]aracter[], violation of human right." (Complaint at 4.) He requests "compensation of $199,000.00 because [he] lost [his] house base[d] on that judgment." (Id. at 6.) Regis attaches a Bankruptcy Court Judgment and an Order for Judgment of Nondischargeability in Regis' bankruptcy case. Regis' claims against the Bankruptcy Court are based on the Bankruptcy Court's judicial decisions made in Regis' bankruptcy case.

Absolute immunity bars Regis' claim. First, the Bankruptcy Court, itself, is not a proper defendant because it is protected by sovereign immunity. Edlund v. Montgomery, 355 F. Supp. 2d 987, 991 (D. Minn. 2005). Second, to the extent Regis is attempting to assert a claim against a Bankruptcy Court Judge, that claim is based on the Judge's judicial acts in Regis' bankruptcy proceeding, a proceeding over which the Bankruptcy Court Judge had subject matter

jurisdiction. Such claims are barred by absolute judicial immunity. Id. at 990; see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.") (citation and footnote omitted). Judicial immunity extends to Bankruptcy Judges making decisions in bankruptcy cases. See Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1388-89 (9th Cir. 1987). Thus, the Court must dismiss the claims against the Bankruptcy Court.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant U.S. Bankruptcy Court's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 9] is **GRANTED** and Defendant United States Bankruptcy Court is **DISMISSED** as a Defendant to this action.

Dated: January 24, 2013    s/ Michael J. Davis
　　　　　　　　　　　　　　Michael J. Davis
　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　United States District Court