# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

RICARDO REGIS,

      Plaintiff,

v.

ROSELENE DEVI; STATE OF
MINNESOTA, RAMSEY DISTRICT
COURT, SECOND JUDICIAL
DISTRICT; and U.S. BANKRUPTCY
COURT, DISTRICT OF MINNESOTA,

      Defendants.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 12-1673 (MJD/JJK)

Ricardo Regis, pro se.

Lonnie F. Bryan, Assistant United States Attorney, Counsel for Defendant U.S. Bankruptcy Court, District of Minnesota.

This matter is before the Court on Defendant U.S. Bankruptcy Court's

Motion to Dismiss for Lack of Subject Matter Jurisdiction.  [Docket No. 9]  The

Court granted Plaintiff an extension to file his opposition brief until April 8, 2013.

Plaintiff filed an opposition on April 3, 2013.  The Court has fully considered all

filings in this matter.  For the reasons that follow, the motion to dismiss is

GRANTED.

Plaintiff Ricardo Regis has filed a lawsuit against, among other

Defendants, "U.S. Bankruptcy Court District of Minnesota."  Regis alleges that

the Bankruptcy Court "refuse[d] to use my evidence to the judgment and

refuse[d] to hear my witness.  The Bankruptcy Judge sa[id] Defendant Ricardo

Regis intentionally deprived plaintiff [of] personal property.  This is a[n]

intentional[] wrong doing, fraud, def[a]mation of c[h]aracter[], violation of

human right."  (Complaint at 4.)  He requests "compensation of $199,000.00

because [he] lost [his] house base[d] on that judgment."  (Id. at 6.)  Regis attaches

a Bankruptcy Court Judgment and an Order for Judgment of

Nondischargeability in Regis' bankruptcy case.  Regis' claims against the

Bankruptcy Court are based on the Bankruptcy Court's judicial decisions made

in Regis' bankruptcy case.

Absolute immunity bars Regis' claim.  First, the Bankruptcy Court, itself, is

not a proper defendant because it is protected by sovereign immunity.  Edlund v.

Montgomery, 355 F. Supp. 2d 987, 991 (D. Minn. 2005).  Second, to the extent

Regis is attempting to assert a claim against a Bankruptcy Court Judge, that claim

is based on the Judge's judicial acts in Regis' bankruptcy proceeding, a

proceeding over which the Bankruptcy Court Judge had subject matter

jurisdiction.  Such claims are barred by absolute judicial immunity.  <u>Id.</u> at 990; <u>see</u>

<u>also</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978) ("[J]udges of courts of

superior or general jurisdiction are not liable to civil actions for their judicial acts,

even when such acts are in excess of their jurisdiction, and are alleged to have

been done maliciously or corruptly.") (citation and footnote omitted).  Judicial

immunity extends to Bankruptcy Judges making decisions in bankruptcy cases.

See <u>Mullis v. U.S. Bankruptcy Court for Dist. of Nevada</u>, 828 F.2d 1385, 1388-89

(9th Cir. 1987).  Thus, the Court must dismiss the claims against the Bankruptcy

Court.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

> Defendant U.S. Bankruptcy Court's Motion to Dismiss for Lack of
> Subject Matter Jurisdiction [Docket No. 9] is **GRANTED** and
> Defendant United States Bankruptcy Court is **DISMISSED** as a
> Defendant to this action.

Dated:  April 19, 2013                              s/ Michael J. Davis
                                                    Michael J. Davis
                                                    Chief Judge
                                                    United States District Court