**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Ricardo Regis,  Civ. No. 12-1673 (MJD/JJK)

        Plaintiff,

v.

Roselene Devi; and State of Minnesota,  **REPORT AND
RECOMMENDATION**
Ramsey County District Court, Second
Judicial District

        Defendants.

Ricardo Regis, 2300 Country Road I, #8, Mounds View, MN 55112, *pro se*.

Roselene Devi.

State of Minnesota, Ramsey County District Court, Second Judicial District.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

On November 19, 2012 this Court issued an Order to Show Cause (Doc. No. 7) directing Plaintiff to demonstrate why his suit should not be dismissed for non-compliance with Federal Rule of Civil Procedure 4. In accordance with 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1, and based on the analysis below, this Court recommends that Plaintiff's claims against Roselene Devi be dismissed without prejudice for failure to comply with Rule 4, and that his claims against the Ramsey County District Court be dismissed with prejudice for lack of subject-matter jurisdiction.

1

**BACKGROUND**

I.  **Factual and Procedural History**

This suit originated as a dispute between Plaintiff and Defendant Roselene Devi over items of Devi's personal property. Devi sued Plaintiff in Minnesota State Court, and the case was heard by Ramsey County District Court, Judge Gregg E. Johnson, on April 16, 2009.[1] (Doc. No. 1, Compl., Attach. 1 at 6, May 1, 2009 Order of Ramsey County District Court Judge Gregg E. Johnson ("Johnson Order").) Judge Johnson concluded that Plaintiff had intentionally deprived Devi of her personal property and ordered Plaintiff to pay Devi $6,750. (*Id.* at 2–3.)

Two years later, in April 2011, Plaintiff petitioned for Chapter 7 bankruptcy before the U.S. Bankruptcy Court for the District of Minnesota. (Compl., Attach. 1 at 12, July 11, 2012 Order of Chief U.S. Bankr. Judge Gregory F. Kishel ("Kishel Order") at 1.)[2] While Plaintiff's bankruptcy petition was pending, Devi initiated an adversary proceeding, and asked the bankruptcy court to exempt the $6,750 debt from any discharge Plaintiff might receive. (Compl., Attach. 1 at 3, Letter from Roselene Devi to Bankr. Ct. (July 26, 2011) ("Devi Letter Compl.").) On November 8, 2011, Chief Bankruptcy Judge Gregory F. Kishel held a status

---

[1] The venue for the case was in the Ramsey County District Court, Second Judicial District, which Plaintiff has named as a Defendant in his Complaint.

[2] Plaintiff combined several documents and filed them as an attachment to his Complaint. Pages 1 and 2 of the 4-page Kishel Order appear as pages 12

(Footnote Continued on Following Page)

and scheduling conference in the adversary proceeding. (Kishel Order at 1.) Based on what he heard at the scheduling conference, Judge Kishel declined to set the matter for trial. (*Id.* at 2.) He ultimately concluded that Devi's letter complaint fell within 11 U.S.C. § 523(a)(6) (providing that debts arising from willful or malicious injury are non-dischargeable), that Judge Johnson's findings and conclusions established all the elements of willful and malicious injury required by § 532(a)(6), and that Plaintiff's debt was therefore nondischargeable. (Kishel Order at 2–4.)

In July of 2012, Plaintiff filed his Complaint in this case, naming Devi, the Ramsey County District Court, and the Bankruptcy Court as defendants. (Compl.) Plaintiff attempted to serve the Complaint on all Defendants by certified mail. (Doc. No. 8, Pl.'s Reply to Nov. 19, 2012 Order to Show Cause ("Pl's Reply") 1.) He received delivery receipts from the Ramsey County District Court, and from the Bankruptcy Court. (Pl.'s Reply, Attach. 1 at 4, 5.) The Postal Service returned the envelope Plaintiff sent to Devi marked "Return to Sender Unable to Forward." (Pl.'s Reply, Attach. 1 at 3.)

In November of 2012, this Court ordered Plaintiff to show cause why his suit should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4. (Doc. No. 7, Nov. 19, 2012 Order to Show Cause.) Plaintiff timely responded to that order in a December 3, 2012 letter. (Pl.'s Reply.)

---

(Footnote Continued from Previous Page)
and 13 of the attachment; pages 3 and 4 appear as pages 10 and 11.

In December of 2012, the U.S. Bankruptcy Court filed a motion to dismiss the claims against it for lack of subject-matter jurisdiction.  (Doc. No. 9, Def. U.S. Bankr. Ct.'s Mot. to Dismiss.)  Chief Judge Michael J. Davis granted that motion on April 19, 2013.  (Doc. No. 23, April 19, 2013 Order.)  This Court's Order to Show Cause is therefore moot as to the Bankruptcy Court, because the Bankruptcy Court is no longer a party to the suit.

## II.     Plaintiff's claims and request for relief

Plaintiff's *pro se* Complaint is ambiguous in many respects.  The Complaint fails to clearly state the nature of Plaintiff's claims, and fails to make clear which claims are asserted against which defendants.  This Court construes pleadings submitted by *pro se* litigants liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Generously construed, the Complaint asserts that Roselene Devi made false statements to the Ramsey County District Court and the Bankruptcy Court (Compl. ¶ 2a), and that the Ramsey County District Court refused to consider evidence and refused to hear Plaintiff's witness, and therefore, wrongly concluded that Plaintiff had deprived Devi of her personal property (Compl. ¶ 5).

In his prayer for relief, Plaintiff seeks monetary damages in the amount of $199,000, which he appears to identify as the value of certain real property which Plaintiff "lost . . . base[d] on that judgment."  (Compl. 4).

# DISCUSSION

I. **Standard of Decision**

   A. **Service of Process under Federal Rule of Civil Procedure 4**

"The core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996); *see Hanna v. Plumber*, 380 U.S. 460, 460 n.1 (1965) ("actual notice is of course . . . the goal of Rule 4[]."); *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1083 (3d. ed. 2002) (the purpose of Rule 4 is not to impose technical requirements for their own sake, but to ensure that a defendant has a fair opportunity to respond to a suit and to mount a defense in proceedings that address the merits of the case). Actual notice will generally satisfy the Constitution's due process requirements. *See United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1378 (2010). But actual notice is not required to establish personal jurisdiction. *Dusenbury v. United States*, 534 U.S. 161, 171 (2002). When actual notice occurs, Rule 4 should be construed liberally. *See Milsap v. U.S. Dept. of Hous. & Urban Dev.*, CIV. No. 4-89-635, 1990 WL 157516, at *5 (D. Minn. Oct. 18, 1990) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).

   B. **Subject-Matter Jurisdiction**

"If the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999).  Before considering the merits of a case, federal courts have a duty to consider whether they have subject-matter jurisdiction.  *Arbaugh v. U&H Corp.*, 546 U.S. 500, 514 (2006); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1990); *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).  This duty applies even when an opposing party does not challenge the court's jurisdiction.  *Ruhrgas*, 526 U.S. 574, 583 (1999).  "'[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'"  *Arbaugh*, 546 U.S. at 514 (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

**II.   Analysis**

   **A.   Defendant Devi**

Federal Rule of Civil Procedure 4 provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  Plaintiff asserts that he complied with Rule 4 by sending the summons and compliant by certified mail, and that "each defendant signed the return[] receipt for the service."  (Doc. No. 8, Pl.'s Reply.)  But service by mail, even if acknowledged, does not satisfy the "not a party" requirement.  *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); *Smith v. United States*, 475 F. Supp. 2d 1, 9 (D.D.C. 2006); *see also Wilson v. Suntrust Bank, Inc.*, 3:10-CV-573-FDW-DCK, 2011 WL 1706763, at *1 (W.D.N.C. May 4, 2011); *Follum v. N.C. State Univ.,* No. 5:08–CV–526–FL, 2009 WL

6

2869927, at *1 (E.D.N.C. Sept. 2, 2009).  Thus, the fact that Plaintiff personally mailed the pleadings to Devi does not satisfy Rule 4's requirement that service be made by a non-party.

A technical flaw in service may not require dismissal if the defendant has received actual notice of the suit.  But Plaintiff's pleadings were never delivered. (Pl.'s Reply, Attach. 1 at 3 (showing that the envelope sent to Devi was returned to Plaintiff stamped "Return to Sender—Unable to Forward").)  Even if this Court concluded that service by mail could satisfy Rule 4's "not a party" requirement, there is no evidence that Devi received actual notice through Plaintiff's mailing. The evidence Plaintiff submitted shows that she did not.

Rule 4 also allows a plaintiff to serve an individual defendant within a federal judicial district by "following the state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In other words, a plaintiff may serve a defendant in the federal District of Minnesota by complying with Minnesota state law.  Minnesota law permits service by mail, but with the caveat that such service is not effective unless and until the defendant acknowledges delivery.  Minn. R. Civ. P. 4.05.  Plaintiff's evidence, rather than showing that Devi acknowledged delivery, shows that the pleadings were never delivered.  (Pl.'s Reply, Attach. 1 at 3.)  Plaintiff has therefore failed to prove service under Rule 4(e)(1).

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss that action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Plaintiff filed this suit on July 11, 2012. (Compl. at 1.) The 120-day period for service under Rule 4(m) ended on November 8, 2012. Plaintiff received notice of the deficiencies in service, and of this Court's intent to dismiss his claims, on November 19, 2012, when this Court issued its Order to Show Cause. Plaintiff has failed to show good cause for his failure to serve Devi within 120 days. This Court therefore recommends that Plaintiff's claims against Devi be dismissed without prejudice.

### B. Ramsey County District Court

Plaintiff's attempt to serve the Ramsey County District Court by certified mail did not comply with the "not a party" requirement of Rule 4. *See Reading*, 506 F. Supp. 2d at 19. In view of the tradition of leniency toward *pro se* litigants, and because the Ramsey County District Court received actual notice of the suit, this Court might be inclined to forgive this procedural defect. But Plaintiff's claims against the Ramsey County District Court must fail for a more fundamental reason: this Court lacks subject-matter jurisdiction over Plaintiff's claims against the Ramsey County District Court under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine takes its name from two U.S. Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 362 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, the Court held that federal district courts do not have appellate jurisdiction over state courts. In *Feldman*, the Court held that federal district courts may not exercise judgment over issues that are "inextricably intertwined" with the judgment of a state court. The Eighth Circuit Court of Appeals has held that an issue is "inextricably intertwined" with a state-court ruling if the relief requested would effectively reverse or void the state court's judgment. *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999).

Under *Rooker-Feldman*, federal district courts do not have subject-matter jurisdiction over the judgments of state courts except with regard to habeas corpus petitions. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). This is true "even if those challenges alleged that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

Plaintiff claims that the Ramsey County District Court, which is a state court, wrongly concluded that he deprived Devi of her personal property. (Compl. ¶ 5.) Any relief granted by a federal district court on this claim would essentially overturn the Ramsey County District Court's ruling, and is therefore

9

"inextricably intertwined" with that ruling. Thus, on the face of the Complaint, the *Rooker-Feldman* doctrine precludes this Court from exercising subject-matter jurisdiction over Plaintiff's claims against the Ramsey County District Court. Because this Court does not have subject-matter jurisdiction over those claims, they must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If at any time the court determines that it lacks subject-matter jurisdiction, the court *must dismiss* the action." (emphasis added)).

## RECOMMENDATON

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's claims against Defendant Devi should be **DISMISSED WITHOUT PREJUDICE**, for failure to comply with Federal Rule of Civil Procedure 4; and

2. Plaintiff's claims against the Ramsey County District Court should be **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction;

Date: May 3, 2013  *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 17, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting

party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.